portunity to use it for that purpose.'' In further support of this doctrine, see *Borst* v. *Nalle*, 28 Grat. 423. It is manifest, under these authorities, that the defendant Adelaide Bloch could, as against the claim of the plaintiffs, lawfully convey the property in question, in so far and to the extent that she held the same in trust, to the *cestuis que trustent*, according to her verbal promise, if she chose to do so, and thereby discharge her moral obligation to them, and that, having executed the trust in accordance with the verbal undertaking, even though executed subsequent to the time the claim of plaintiff accrued, the law will not only uphold the transaction upon her part, but will protect the *cestuis que trustent* in the enjoyment of the property thus conveyed to them.

The defendants have set up another defense, also, by way of set-off, to which a demurrer was sustained, but there was only the one question insisted upon here. Hence the demurrer will be overruled as to the defense here discussed, and sustained as to the other, and it is so ordered. The cause will be remanded for such further proceedings as may seem meet in the premises.          REVERSED.

Decided 20 February, 1899.

### . LOUGHMILLER *v.* LOUGHMILLER.

From Marion : HENRY H. HEWITT, Judge.

Divorce proceeding by Ida M. Loughmiller against Wm. E. Loughmiller in which plaintiff appeals from a decree against her.          DISMISSED.

*Mr. Geo. G. Bingham*, for appellant.

*Messrs. Holmes & Kellogg*, for respondent.

On stipulation of the parties the appeal was dismissed. No opinion.          DISMISSED.